IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERRICK M. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-1281 (MN) |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM ORDER

At Wilmington this 24th day of July 2019, having considered Plaintiff's motion to stay deposition (D.I. 75) and motion to compel mediation (D.I. 82), Defendant Trans Union, LLC's request for default (D.I. 77), and Defendant Experian Information Solutions, Inc.'s motion for extension of time for discovery and summary judgment motions (D.I. 80);

IT IS ORDERED AS FOLLOWS:

1. **Background**. Plaintiff Errick M. Wright ("Plaintiff") proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. The First Amended Complaint is the operative pleading. (D.I. 9). Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union"), and Equifax Information Services, LLC ("Equifax") answered the First Amended Complaint. (D.I. 32, 33, 36). Trans Union filed a Counterclaim against Plaintiff at the same time that it filed its answer. (D.I. 32 at 29-33). On February 22, 2019, the Court entered a scheduling and discovery order setting a discovery deadline of June 25, 2019 and a dispositive motion deadline of July 25, 2019. (D.I. 51). On the same day, the Court referred the matter to United States Magistrate Judge Christopher J. Burke for mediation. On February 27, 2019, Judge Burke entered an Oral Order that if Plaintiff and Defendants jointly wished to schedule a form of

alternative dispute resolution such as mediation with him, they should jointly contact Chambers by phone to arrange a time.

2. **Plaintiff's Deposition**. On May 31, 2019, both Experian and Equifax noticed Plaintiff's deposition to take place on June 12, 2019. (D.I. 68, 72). Plaintiff opposed the depositions scheduled by Equifax and Experian on the grounds that the requests are "meant to be an annoyance, oppressive of [his] character, and presents an unnecessary expense." (D.I. 73 at 1; D.I. 74 at 1). A few day after he objected to his deposition, Plaintiff filed a motion to stay his deposition. (D.I. 75). Defendants oppose and argue that they are entitled to have Plaintiff appear and submit to his deposition. (D.I. 78). Plaintiff's motion will be denied.

3. Plaintiff invokes Fed. R. Civ. P. 26.2(b) and provides a number of reasons to stay his deposition or order that is not be taken, including that: (1) he has filed a motion for summary judgment, there is no genuine issue of dispute of material facts, and Defendants' intent on taking his deposition is "in bad faith"; (2) he "may imminently be harmed by the interrogatory questions" which would "appear to harass, annoy, or cause alarm" to him; (3) "such imminent harm would be traceable to the direct actions" of Defendants' attorneys; (4) the Court should construe the notices to depose Plaintiff as "abusive and hostile and serves [sic] no purpose but the delay the process of the proceedings or any proposal offer to settle the dispute between the parties"; (5) the notice lacks merit and attorneys for Experian and Equifax have no standing to defend the negligent acts committed by Experian and Equifax as alleged in the Complaint and Amended Complaint; and (6) the scope of discovery is irrelevant to the facts of the case and there is no further discoverable evidence that would be in favor of Defendants. (*Id*. ¶¶ 10-16).

4. Plaintiff commenced this action. The Federal Rules of Civil Procedures contemplate that discovery will take place during the pendency of the proceedings. This includes

the taking of depositions of parties to the case as set forth in Fed. R. Civ. P. 30(a) that provides a party may take the deposition of any person including another party. In addition, the Rules provide that parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(d)(1). The reasons proffered by Plaintiff to stay his deposition or to not depose him at all are not well-taken. Defendants are entitled to depose Plaintiff to defend the claims he has raised against them. Therefore, his motion will be denied. (D.I. 75). The scheduling and discovery order (D.I. 51 ¶ 2) will be amended.

5. **Request for Entry of Default**. Trans Union requests entry of Plaintiff's default pursuant to Fed. R. Civ. P. 55(a) on its counterclaim for Plaintiff's failure to plead or other defend. (D.I. 77). Plaintiff responds that he filed a response to the counterclaim. (D.I. 79 ¶ 7). Trans Union's request will be denied without prejudice to renew.

6. The Counterclaim was filed on January 7, 2019. (D.I. 32). Plaintiff advises the Court that he believed his motion for summary judgment and counter-response against Trans Union filed on January 23, 2019 sufficed as an answer to the Counterclaim. (D.I. 41; D.I. 79 ¶¶ 11-12). The Court has reviewed Plaintiff's filing titled "Plaintiff Wright's Motion for Summary Judgment and Counter-Response against Defendant Trans Union, LLC." (D.I. 41). The filing does not answer the allegations in the counterclaim. Moreover, the filing improperly combines what Plaintiff purports to be a response to the counterclaim with a motion for summary judgment. Plaintiff, however, proceeds *pro se* and is given some leniency. He will be ordered to file an answer or otherwise plead to the counterclaim.

7. **Motion for Extension of Time for Discovery and Summary Judgment Motions**. Experian moves to extend time to complete discovery and to file dispositive motions. (D.I. 80). Plaintiff opposes. (D.I. 81). In light of Plaintiff's failure to attend his deposition while discovery was still pending, the motion will be granted. Deadlines will be amended.

8. **Motion to Compel Mediation**. Plaintiff has filed a motion to compel mediation. (D.I. 82). He asks the Court to order the parties to submit to mediation and to negotiate in good faith to reach an agreement in principle about resolving this lawsuit. Plaintiff advises that he has spoken to defense counsel and the motion will be opposed. The motion will be denied without prejudice.

9. On February 27, 2019, Judge Burke entered an Oral Order that advised the parties what to do should they wish to engaged in mediation. The Oral Order was clear that the parties were to "jointly" contact Judge Burke to schedule the matter. It is clear from Plaintiff's motion that, at this juncture, Defendants do not wish to engage in mediation.

THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay deposition (D.I. 75) is DENIED.

2. Trans Union, LLC's request for entry of default (D.I. 77) is DENIED without prejudice.

3. Plaintiff shall file an answer or otherwise plead to Trans Union, LLC's Counterclaim on or before **August 26, 2019**.

4. Experian Information Solution, Inc.'s motion for an extension of time for discovery and summary judgment motions (D.I. 80) is GRANTED. Deadlines are amended as follows:

> **Discovery**. All discovery in this case shall be initiated so that it will be completed on or before **September 25, 2019**.

4

**Summary Judgment Motions**. All summary judgment motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed after discovery has taken place and no later than **October 25, 2019**. Answering briefs and affidavits, if any, shall be filed on or before **November 15, 2019**. Reply briefs shall be filed on or before **November 29, 2019**.

5. Plaintiff's motion to compel mediation (D.I. 82) is DENIED without prejudice.

*[signature: Maryellen Noreika]*

Honorable Maryellen Noreika
United States District Judge